11-1967-ag
Huang v. Holder

BIA
A094 801 604

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> Chief Judge,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
>> Circuit Judges.

_____

BAO YU HUANG,
> *Petitioner,*

> v.                                      11-1967-ag
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Adedayo O. Idowu, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel; Charles S. Greene, III, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bao Yu Huang, a native and citizen of the People's Republic of China, seeks review of an April 21, 2011, order of the BIA denying his motion to reopen his removal proceedings. *In re Bao Yu Huang*, No. A094 801 604 (B.I.A. Apr. 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA may not grant a motion to reopen based on new evidence unless the evidence "offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The BIA has explained that it will not grant a motion to reopen based on evidence that is largely cumulative of evidence previously submitted because evidence is not material unless "the new evidence offered would likely change the result in the case." *Matter of Coelho*, 20 I. &

2

N. Dec. 464, 473 (BIA 1992); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008).

In the underlying proceedings, the agency concluded that, despite evidence that Taoists were mistreated in Huang's hometown, Huang was not eligible for asylum or withholding of removal because he could avoid persecution on account of his practice of Taoism by relocating within China as country conditions reports indicated that Taoism was generally tolerated around China. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so.").

Huang's motion to reopen these proceedings was based on statements from three individuals describing their mistreatment on account of their practice of Taoism in Huang's home county. As the BIA concluded, because this evidence concerned incidents only in Huang's home county it did not rebut the agency's prior conclusion that Taoists generally were not persecuted in other parts of China.

Accordingly, the BIA did not abuse its discretion in denying Huang's motion to reopen because his evidence would not likely alter the result in his case. *See Jian Hui Shao*, 546 F.3d at 168; *Matter of Coelho*, 20 I. & N. Dec. at 473.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk